■ In the Matter of REGINALD HOLMAN, Petitioner, v. BURTON B. ROBERTS, as District Attorney of County of Bronx, et al., Respondents.— Application for a writ of prohibition denied and the petition dismissed, without costs and without disbursements. Defendant was tried on an indictment charging attempted murder, assault in the first degree, assault in the second degree, and possession

of a weapon as a felony. After some 13 days of trial the case was submitted to the jury. After approximately nine and a half hours of deliberation, at 11:30 P.M. the jury sent a note to the court stating: " attempted murder — not guilty "; and as to each of the other three counts: " deadlocked — hung ". Without formal declaration the court accepted the verdict on the first count and made directions for the jurors to recess for the night at a hotel and to resume their deliberations on the remaining counts. Defense counsel then moved for a mistrial on the remaining counts on the ground that the jury had deliberated a sufficient length of time and appeared to be hopelessly dead-locked. The District Attorney joined in the application. Without specifically ruling on the joint application, the court expressed some annoyance at the waste of time involved and the fact that the motion was made after the jury had been excused. At this point defendant's counsel sought to withdraw his motion. This application was denied, the motion granted, the jury — which had not left the courthouse — was reseated and discharged, and the case was remanded for fixing a new date for trial before another Judge and jury panel. We believe there was no abuse of discretion in refusing to allow the defendant to with-draw his motion after it had been consented to. While there had been no specific ruling, the court (as he explained) felt that as the facts warranted the motion and as it was consented to, he was constrained to grant the motion though he was disappointed at the inconclusive result after the protracted trial. He further found that the defense, after seeing that the motion was consented to, was engaging in a deliberate trick. No disadvantage is forced on the defendant. He stands acquitted of the count of attempted murder; and there is no legal reason barring or unfairness in requiring him to stand trial on the unresolved counts. Concur — Markewich, J. P., Nunez, Murphy, Steuer and Capozzoli, JJ.